IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 07-CR-00473-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES WIMBERLY,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on January 10, 2008. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffer made by defendant. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report, the proffer by defendant and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment in counts 1-8, inclusive with Mail Fraud and Aiding and Abetting in violation of 18 U.S.C. §§ 1341 and 2 and in counts 9 and 10 with Theft of Public Money and Aiding and Abetting in violation of §§ 641 and 2.

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find that the defendant has 12 failures to appear, 6 failures to comply and 3 failures to pay all resulting in warrants being issued. Defendant is unemployed. Defendant has seven felony arrests and four felony convictions. Defendant has a felony conviction for menacing- use of a deadly weapon and a felony arrest for second degree assault. Defendant has misdemeanor arrests for false information and escape. Defendant's probation was revoked in cases numbers 91JD000968 and 92JD000125. Defendant has used four separate alias names. Defendant does not have significant ties to Colorado. During defendant's interview, Pretrial Services received conflicting information regarding defendant's familial ties and mental health.

Based upon these facts, this court finds, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 10th day of January 2008.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe

U.S. Magistrate Judge